IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **SUNE LEE aka Clara, GILBERT LEE, YONG DON LEE, and HOKOON LEE aka Bigtor** ) ) ) ) | |
| Plaintiffs, ) | Case No. 19-cv-2356 |
| v. ) | Judge |
| ) | |
| **XILIN ASSOCIATION**, an Illinois Non-profit organization, **WEIHONG LU**, individually, and **LINDA YANG**, individually, ) ) ) ) | Magistrate |
| Defendants. ) ) | |

# COMPLAINT

Plaintiffs, SUNE LEE aka Clara ("Clara", "Plaintiff"), GILBERT LEE ("Gilbert", "Plaintiff"), YONG DON LEE ("Yong") and HOKOON LEE aka Bigtor ("Bigtor", "Plaintiff") through their attorney, Ryan Kim, for their Complaint against XILIN ASSOCIATION, an Illinois Non-Profit Organization, WEIHONG LU, Individually, and LINDA YANG, Individually, ("Defendants"), state as follows:

## NATURE OF PLAINTIFFS' CLAIMS

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et. seq.* ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS 10511 *et. seq.* ("IMWL") for Defendants' failure to pay the minimum and/or overtime wages to Plaintiffs. During the course of their employment by Defendants, Plaintiffs worked in excess of forty (40) hours per week and they were never paid overtime wages. Plaintiffs further allege that Defendants' failure to pay the overtime wages was willful and intentional.

1

## THE PARTIES

2. Plaintiffs are/were at all times relevant hereto employees of Defendants.

3. Plaintiffs are/were at all times relevant hereto individuals employed in the State of Illinois by Defendants.

4. Plaintiffs are/were at all times relevant hereto resided in the State of Illinois.

5. Plaintiffs are/were at all times relevant hereto non-exempt employees within the meaning of the FLSA, and the Illinois Minimum Wage Law, and the implementing rules and regulations of the FLSA and the Illinois Minimum Wage Law.

6. Plaintiffs are filing this FLSA claim as an individual action for themselves.

7. For the period commencing on or about August 1, 2018, until January 18, 2019, Plaintiff Clara regularly and customarily at the specific instructions and demand of Defendants actually performed work for Defendants in excess of forty (40) hours per week.

8. For the period commencing on or about June 2017, until December 31, 2018, Plaintiff Gilbert regularly and customarily at the specific instructions and demand of Defendants actually performed work for Defendants in excess of forty (40) hours per week.

9. For the period commencing on or about May 27, 2015, until the current, Plaintiff Yong regularly and customarily at the specific instructions and demand of Defendants actually has performed work for Defendants in excess of forty (40) hours per week.

10. For the period commencing on or about April 10, 2017, until the current, Plaintiff Bigtor regularly and customarily at the specific instructions and demand of

Defendants actually has performed work for Defendants in excess of forty (40) hours per week.

11. Plaintiffs performed work for Defendants the said excess of forty (40) hours per week work as an express condition of him continued employment.

12. Throughout Plaintiffs' employment, Defendants paid Plaintiffs a fixed amount per week regardless of the number of hours they worked in a day or the number of hours they worked in a workweek.

13. Plaintiffs regularly worked more than 40 hours a week and were never paid the proper amount of overtime wages.

14. Plaintiffs performed manual labor for Defendants.

15. Plaintiffs were assigned to the said manual labor by Defendants.

16. Plaintiffs were not required to possess any specialized skills in order to do the assigned work for Defendants.

17. Plaintiffs did not have to supply their own tools and equipment in connection with their work for Defendants.

18. Plaintiffs were required to report to work for Defendants at a certain time.

19. Plaintiffs could not set their own hours of work for Defendants.

20. Defendants, Xilin, Weihong Lu ("Lu") and Linda Yang ("Yang") are and were at all relevant times hereto engaged in the business of Adult Day Care Service.

21. Defendants, Lu and Yang are and were at all relevant times hereto engaged in interstate commerce and their annual revenue was over $500,000.00 during the relevant period and therefore were subject to enterprise coverage of the FLSA.

22. Defendants, Lu and Yang managed, supervised, established and administered the terms and conditions of Plaintiffs' employment.

23. Defendants Lu and Yang participated in and approved of the unlawful pay practices of the business Xilin Asian Community Center at Naperville and Arlington Heights, IL.

24. Defendants Lu and Yang were involved in assigning work to Plaintiffs.

25. Defendants Lu and Yang had the power and authority to discipline Plaintiffs.

26. Defendants Lu and Yang exercised authority over the terms and conditions of Plaintiffs' employment and how much and the manner in which Plaintiffs were paid.

27. Defendants Lu and Yang hired Plaintiffs.

28. Defendants Lu and Yang were in charge of paying employees.

29. Defendants Lu and Yang told Plaintiffs where to work and when to work.

30. Defendants employed Plaintiffs to do work for them in the State of Illinois.

31. Defendants, during all relevant times, were subject to the FLSA due to the nature of their business and revenues earned.

32. Defendants provided the tools and equipment and materials for Plaintiffs to do their job with Defendants.

33. Defendants held Plaintiffs out as employees.

34. Defendants employed and paid Plaintiffs as their employees.

35. Defendants are employers within the meaning of the term of the Fair Labor Standards Act, 29 U.S.C. § 203(d), and the Illinois Minimum Wage Law.

36. Defendants never obtained legal advice or counsel that them overtime pay practices and/or policies were compliant with state and federal wage-hour laws.

37. Defendants never obtained any written guidance from the U.S. Department of Labor concerning their pay practices and policies.

38.     No exemption from overtime applies or applied to Plaintiffs when they worked or works more than 40 hours in a workweek for Defendants.

39.     Defendants failed to pay Plaintiffs overtime compensation for all hours worked in excess of 40 hours per workweek.

40.     Defendants' failure to pay Plaintiffs at the proper overtime rate was intentional and willful.

41.     Defendant Xilin Association is an Illinois corporation, non-profit organization doing business as Xilin Asian Community Center and is an enterprise as defined by in Section 3(r)(1) of the FSLA, 29 U.S.C. §203(r)(I), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of FLSA 29 U.S.C. §203(s)(1)(A).

42.     Defendant Lu is a citizen and resident of Cook County and is the supervisor of Defendant Xilin Association.

43.     Defendant Yang is a citizen and resident of Cook County and is the President of Defendant Xilin Association.

## JURISDICTION AND VENUE

44.     This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 29 U.S.C. § 216(b). Venue is proper in this judicial district as the facts and events giving rise to Plaintiffs' claims occurred in this judicial district. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C § 1367.

## GENERAL ALLEGATION

45.     Defendant Xilin Association runs Xilin Asian Community Center in Naperville

and Arlington Heights, Illinois. The center is a facility that provides activities and meals to seniors. The center also provides the shuttle service between the center and its customers' home.

### Sune Lee aka "Clara"

46.     Plaintiff Clara was hired in about August 1, 2018, as a care worker. Her rate was $14 per hour. Clara served meals and assisted clients' exercises, games and activities. She also gave classes of English, sewing and Book Club.

47.     Clara started her work at 8:00 a.m. and ended her at 7~8 p.m., and she couldn't take her lunch break more than 10 minutes every day. Usually, she worked 9 to 10 hours per day for 5 days per week.

48.     No matter how many hours Clara worked in a day or in a week, she was only paid 40 hours per week.

49.     Plaintiff Clara was separated with Defendants in about January 18, 2019.

### Gilbert Lee

50.     Defendants hired Plaintiff Gilbert Lee in June of 2017 as a shuttle driver.

51.     Gilbert started his work at 6:30 a.m. and ended at 5:30 p.m. He drove the company shuttle vehicle and picked up/dropped off Defendants' clients. Sometimes when they went shopping for a field trip, he chaperoned seniors to the shopping mall. He also picked up meals for the customer, took company vehicles to maintenance facilities and filled the gas to the company vehicles. He also went to grocery shopping for Defendants.

52. From on about August 27, 2018, he worked more than 40 hours per week. He was not able to take his lunch break in full. Usually, he worked more than 10 hours a day for 5 days per week.

53. His hourly rate was $14.00

54. During his employment, Plaintiff Gilbert was only paid 40 hours per week no matter how many hours he worked in a day or in a week.

55. Plaintiff Gilbert resigned his work in about December 31, 2018.

### Yong Don Lee

56. Defendants hired Plaintiff Yong on about May 27, 2015, as a shuttle driver.

57. During the period between about May 27, 2015, and about April 30, 2018, Yong started his work at 6:30 a.m. and ended at about 4:30 p.m. Until 9:30 a.m. he drove company service vehicle, picked up seniors and brought them to the center. When he completed his daily routes, Yong worked inside until 1:30 p.m. He did help kitchen and cleaning. At 1:30 p.m. he started his afternoon route to give rides to Defendants' customers their home. He ended his work about at 4:30 p.m. Defendants paid him $12.60 for his driving hours and $8.50 for his non-driving working hours.

58. During this period, Yong worked 10 hours a day and 50 hours per week. But he was not paid his overtime wage properly.

59. From about May 1, 2018, until January 31, 2019, Yong worked 50 hours a week, but Defendants paid Yong 40 hours a week at the hourly rate of $12.60. Yong was not paid his 10 hours of overtime wage at all during this period.

60. Yong is a current employee of Defendants.

**Hokoon Lee aka "Bigtor"**

61. Defendants hired Plaintiff Bigtor on April 14, 2017, as a shuttle driver.

62. Bigtor started his work at 6:20 a.m. and ended at 5:00 p.m. He drives a company shuttle vehicle and picks up/drops off Defendants' clients.

63. During the day time, he picks up meals, helps kitchen work and cleans the kitchen, bathrooms, and garden.

64. During his employment period, his hourly rate was $12.60, Bigtor was only paid 40 hours per week no matter how many hours he worked in a day or in a week.

65. Bigtor is a current employee.

## COUNT I
## Violation of the Fair Labor Standards Act -Overtime Wages

66. All allegations of the Complaint are expressly incorporated herein, and Plaintiffs repeat and reallege each and every allegation set forth in this Complaint as though set forth fully at length herein.

67. This count arises from Defendants' repeated violation of the Fair Labor Standards Act, 29 U.S.C. §201. *et. seq.,* and for their failure to pay overtime wages to Plaintiffs for all hours worked.

68. For their, each employment period, Plaintiffs regularly and customarily at the specific instructions and demand of Defendants actually performed work for Defendants in excess of forty (40) hours per week.

69. Plaintiffs performed work for Defendants the said excess of forty (40) hours per week work as an express condition of their continued employment.

70. This Court has jurisdiction to hear this Count pursuant to 29 U.S.C. §216(b) and venue is proper in this judicial district.

71. During the course of his employment by Defendants, Plaintiffs were not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. §207.

72. Plaintiffs were directed by Defendants to work and did so work, in excess of forty (40) hours per week.

73. Pursuant to 29 U.S.C. §207, for all weeks during which Plaintiffs worked in excess of forty (40) hours, Plaintiffs were entitled to be compensated at a rate of one and one-half times their regular rate of pay.

74. Defendants did not compensate Plaintiffs at a rate of one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours in individual workweeks.

75. Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. §207.

76. Defendants willfully violated the Fair Labor Standards Act by refusing to pay Plaintiffs overtime wages for hours worked in excess of forty (40) hours per week.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A. A judgment in the amount of one and one-half times Plaintiffs regular rate for all hours which he worked in excess of forty (40) hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C. Reasonable attorney's fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law - Overtime Wages

77. All allegations of the Complaint are expressly incorporated herein, and Plaintiffs repeats and realleges each and every allegation set forth in this Complaint as though set forth fully at length herein.

78. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. §1367.

79. The matters set forth in this Count arise from Defendant's violation of the overtime compensation provisions of the Illinois Minimum Wage Law. 820 ILCS 105/4a. Plaintiffs bring this action pursuant to 820 ILCS 105/12(a).

80. Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiffs worked in excess of forty (40) hours, Plaintiffs were entitled to be compensated at one and one-half times their normal hourly rate of pay for hours worked in excess of forty (40) hours per week.

81. Defendants failed to compensate Plaintiffs' overtime wages for hours worked in excess of forty (40) in individual work weeks.

82. Defendants violated the Illinois Minimum Wage Law by not compensating Plaintiffs' overtime wages for hours worked in excess of forty (40) in individual work weeks.

83. Defendants willfully violated the Illinois Minimum Wage Law by refusing to compensate Plaintiffs at one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours per week.

84. Pursuant to 820 ILCS 105/12(a), Plaintiffs were entitled to recover unpaid wages for at least three years prior to the filing of this suit, plus punitive damages in the

amount of two percent (2%) per month of a number of underpayments.

WHEREFORE, Plaintiffs prays for a judgment against Defendants as follows:

A.        A judgment in the amount of one and one-half times Plaintiffs' hourly wage rate for all hours which Plaintiff worked in excess of forty (40) hours per week

B.        Punitive damages pursuant to the formula set forth in 820 ILCS105/12(a);

C.        Reasonable attorney's fees and costs incurred in filing this action; and

D.        Such other and further relief as this Court deems appropriate and just.

## JURY TRIAL

A jury trial is demanded on all Counts.

Respectfully submitted,

Dated: April 8, 2019

/s/ Ryan Kim
Ryan J. Kim

INSEED LAW, P.C.
2454 E Dempster St Suite 301
Des Plaines, IL 60016
Attorney for Plaintiffs