## CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

Plaintiffs Sune Lee, Gilbert Lee, Yong Don Lee, and Hokoon Lee, on behalf of themselves, their agents, representatives, assigns, heirs, executors, beneficiaries, trustees (collectively, "Plaintiffs"), and Xilin Association, its subsidiaries, affiliates, divisions, and their respective shareholders, officers, directors, agents, employees, insurers, employee benefit plans and their predecessors, successors and assigns ("Xilin"), Weihong Lu and Linda Yang (collectively, "Defendants"), voluntarily agree to completely settle and resolve all claims as specified in this Confidential Settlement Agreement and Release of Claims (the "Agreement");

**WHEREAS,** Plaintiffs filed a Complaint in United States District Court for the Northern District of Illinois, Eastern Division, captioned *Sune Lee, et al. v. Xilin Association, et al.*, Case No. 19-cv-02356, asserting claims against Defendants under the Fair Labor Standards Act and the Illinois Minimum Wage Act (the "Lawsuit");

**WHEREAS,** the parties participated in a settlement conference before Magistrate Judge Weisman on February 19, 2020, and continued the settlement conference before Judge Dow on October 14, 2020, during which the parties agreed to fully and completely settle and dispose of any and all claims of whatever kind or nature Plaintiffs ever had, or may now have, whether known or unknown, against Defendants; and Plaintiffs understand and agree that this Agreement settles, bars and waives any and all claims that they have or could possibly have against Defendants; and

**WHEREAS,** Defendants expressly deny all of the allegations contained in the Lawsuit, and Defendants expressly maintain their positions that no violations of law have occurred, statutory or otherwise.

**NOW, THEREFORE,** in consideration of the mutual promises contained in this Agreement, the parties agree as follows:

1.     **Settlement Payment.** Defendant Xilin Association will pay Plaintiffs the gross sum of $87,500 ("Settlement Amount") within 14 days after the Court's approval of the Agreement under Paragraph below. Within 14 days of receipt of the settlement proceed by the plaintiffs' counsel, plaintiffs' counsel shall confirm that the settlement checks to Plaintiffs' counsel and each Plaintiff have cleared and file stipulation of dismissal with prejudice, attached as Exhibit A. The Settlement Amount will be allocated as follows:

    a.     Defendant Xilin Association shall pay a total gross sum of $50,000 to INSEED LAW, P.C. (EIN 26-0378370) to represent Plaintiffs' attorneys' fees and litigation costs.

    b.     Defendant Xilin Association will issue one check to each Plaintiff for one-half each Plaintiff's total settlement payment to represent wages, subject to applicable payroll taxes and withholdings, and for which Xilin will issue each Plaintiff an IRS Form W-2, in the following amounts:

|      |             |                          |
|------|-------------|--------------------------|
| i.   | Sune Lee    | $3,500 (less withholdings) |
| ii.  | Gilbert Lee | $2,250 (less withholdings) |
| iii. | Yong Don Lee | $8,000 (less withholdings) |

Confidential Settlement Agreement and General Release
*Sune Lee, et al. v. Xilin Association, et al.*, Case No. 19-cv-02356, N.D. Illinois

| | iv. | Hokoon Lee | $5,000 (less withholdings) |

      c.     Defendant Xilin Association will issue one check to each Plaintiff for one-half each Plaintiff's total settlement payment to represent liquidated damages, and for which Xilin will issue each Plaintiff an IRS Form 1099 in the following amounts:

| | | |
|---|---|---|
| i. | Sune Lee | $3,500 |
| ii. | Gilbert Lee | $2,250 |
| iii. | Yong Don Lee | $8,000 |
| iv. | Hokoon Lee | $5,000 |

Plaintiffs agree to indemnify Defendants in the event that any governmental taxing authority asserts against Defendants any claim for unpaid taxes, failure to withhold taxes, penalties or interest based upon the allocation and payment of the Settlement Amount, said indemnification to apply only to any tax liability that would have been Plaintiffs' in the first place.

Plaintiffs acknowledge that they have had the opportunity to receive independent legal advice concerning the taxability of the Settlement Amount, and that they have not relied upon any advice from Defendants or their attorneys as to the allocation of the Settlement Amount for tax or any other purposes, or regarding tax withholding or the ultimate taxability of the Settlement Amount, whether pursuant to federal, state or local income tax statutes or otherwise.

    **2.**    **General Release of Claims.**

      a.     Plaintiffs, fully, finally, and forever settle, compromise, and discharge the disputes and claims that Plaintiffs raised in the Lawsuit or that relate to the same facts alleged in the Lawsuit including, but not limited to, claims for unpaid wages and/or overtime pay for time spent performing event related services for Defendants or any other wage related damages or any other relief pursuant to federal, state, or local wage & hour statutes, including, but not limited to, the Fair Labor Standards Act and the Illinois Minimum Wage Law, as well as any claims arising under Illinois state law regarding rescission of contract, conversion, unjust enrichment or quantum meruit.

      b.     Plaintiffs and their agents, representatives, attorneys, assigns, and designees, hereby knowingly, voluntarily, fully, finally, and completely release Defendants, as well as their employees, attorneys, partners, agents, representatives, assigns, designees, insurers, plan administrators, parents, subsidiaries, affiliates, and other related persons or entities, including their predecessors, successors, and equity and asset purchasers, together with their respective officers, directors, members, managers, shareholders, partners (general and limited), agents, owners, legal representatives, servants, and employees, and the assigns, heirs, privies, predecessors, successors, and insurers of each such person or entity in their individual, corporate, or official capacities ("Released Parties") from all claims that in any way arise from, relate to, or are in any way connected with Plaintiffs' employment with or separation from Defendants, regardless of whether or not such claims (i) are presently known or unknown, (ii) have been specifically referenced, claimed, asserted, or made by either of the parties, or (iii) are statutory, contractual, or common law in nature or basis. This general release includes, but is not

Confidential Settlement Agreement and General Release
*Sune Lee, et al. v. Xilin Association, et al.*, Case No. 19-cv-02356, N.D. Illinois

limited to, all claims asserted in the Lawsuit, and all claims, known and unknown, that Plaintiffs have or may have against Defendants as of the date they execute the Agreement. The claims released by this Agreement include, but are not limited to, claims of tort, breach of contract, retaliation, non-compliance with award or judgment, payment of accrued vacation or other benefits, leave, harassment, public policy, discrimination on the basis of age, sex, race, national origin, disability or religion, or for attorney's fees. Plaintiffs, on behalf of Plaintiffs, their heirs, executors, administrators, successors, and assigns, promises that no lawsuit will be filed based on any claims released by this Agreement, and that Plaintiffs will pay all attorneys' fees and court costs incurred by any Released Party in defending against such lawsuit, along with any other appropriate damages.

c. If any claim is not subject to release, to the extent permitted by law, Plaintiffs waive any right or ability to be a class or collective action representative and shall not be entitled to recover any individual monetary relief or other remedies in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which any of the Released Parties is a party.

d. Plaintiffs shall have seven (7) calendar days from the date they sign this Agreement to revoke their release of Agreement by notifying Counsel for Company in writing prior to the expiration of the seven (7) calendar day period. Any revocation within this period must state "I hereby revoke my acceptance of our Confidential Settlement Agreement and General Release." The written revocation must be delivered to Colleen DeRosa, 155 N. Wacker Drive, Suite 4300, Chicago, Illinois 60606. This Agreement shall not become effective or enforceable until the revocation period has expired. If the last day of the revocation period is a Saturday, Sunday, or legal holiday, then the revocation period shall not expire until the next following day that is not a Saturday, Sunday, or legal holiday. If they do not revoke, the Effective Date of this Agreement shall be the eighth calendar day after the parties fully execute this Agreement. If they revoke, Plaintiffs understand and acknowledge that they will forfeit the consideration described in Paragraph 1.

e. Plaintiffs agree that nothing in this Agreement will prevent Plaintiffs from exercising rights under Section 7 of the National Labor Relations Act, or from filing a charge or complaint with, reporting possible violations of any law or regulation, making disclosures to, and/or participating in any investigation or proceeding conducted by, the National Labor Relations Board, the Equal Employment Opportunity Commission, the Department of Labor, the Securities and Exchange Commission, and/or any governmental authority charged with the enforcement of any laws, provided that by signing this release Plaintiffs are waiving rights to any individual relief based on claims asserted in such a charge or complaint, or asserted by any third-party on Plaintiffs' behalf, except where such a waiver of individual relief is prohibited by law.

**3.** **Covenant Not to Sue.** Plaintiffs agree not to encourage, initiate, participate in or assist in any way in any individual, class or collective lawsuit against the Released Parties for any claims that arose as of the Effective Date of this Agreement, unless compelled to do so by law or legal process. If Plaintiffs institute a civil action in violation of the covenant not to sue, Plaintiffs agree that they will pay the Released Parties' costs and reasonable attorneys' fees incurred in defending the civil action. Plaintiffs further expressly warrant that if they bring any action or suit

Confidential Settlement Agreement and General Release
*Sune Lee, et al. v. Xilin Association, et al.*, Case No. 19-cv-02356, N.D. Illinois

based upon any claim released by this Agreement, this Agreement may be pleaded as and shall constitute a complete defense to any such action or suit. Plaintiffs' counsel represents and warrants that it does not represent any other former or current employee of any of the Released Parties, whether as a potential witness or plaintiff in another pending or anticipated action, or in any other manner.

4. **Affirmations by Plaintiffs**. Plaintiffs agree and acknowledge that the Settlement Amount fully and completely compensates them for all proper and adequate wages for all time worked for Plaintiffs, including adequate compensation for any and all back wages they believe are due and/or alleged overtime arising out of their employment with Xilin. Plaintiffs understand and agree that funds received under this Agreement constitute a fair and reasonable compromise of their disputed wage and hour claims, and that, following consultation with the attorney(s) of their own choosing, they have sufficient information to reach that determination. Plaintiffs understand their rights under the Fair Labor Standards Act and the Illinois Minimum Wage Law, and Plaintiffs have decided to knowingly and voluntarily accept the Settlement Payment after consultation with counsel of their own choosing. Plaintiffs further acknowledge that they are unaware of any other facts that would entitle them to additional wages or other compensation arising out of their current or past employment with Xilin Association. Plaintiffs also affirm that all of Defendants' decisions regarding Plaintiffs' pay and benefits through the date of Plaintiffs' execution of this Agreement were not discriminatory based on age, disability, race, color, sex, religion, national origin or any other classification protected by law. Plaintiffs also affirm that they have been granted any leave to which they were entitled under the Family and Medical Leave Act or related state or local leave or disability accommodation laws. Plaintiffs further affirm that Plaintiffs have no known workplace injuries or occupational diseases occasioned by performance of event related services for Defendants. Plaintiffs further affirm that they have not been retaliated against for reporting any allegations of financial wrongdoing by Defendants or their officers, including any allegations of corporate fraud.

5. **Confidentiality.** Plaintiffs warrant that they have not to date and shall not in the future disclose to any other person, organization, media, present or former employers, either directly or indirectly, in any manner whatsoever, any information regarding the existence or terms of this Agreement or any fact concerning the negotiation, execution, or implementation of this Agreement, other than to say that the parties have resolved the matter to their satisfaction and that neither party admits any wrongdoing. Plaintiffs may make disclosures regarding this Agreement in a form no more extensive than necessary under the following circumstances: (a) if compelled to testify under oath pursuant to a lawfully issued subpoena or other similar legal process, written notice of which Plaintiffs shall give to Defendants' attorney, Colleen G. DeRosa, Ogletree Deakins, 155 N. Wacker Dr., Suite 4300, Chicago, IL 60606, colleen.derosa@ogletree.com, within 7 days of its receipt; (b) to their attorneys; (c) to their accountant(s) or financial consultant(s); (d) to their spouse(s), if any; (e) to any taxing authority as necessary for the proper payment of taxes due, if any, on the settlement amount; and (f) as otherwise required by law. Plaintiffs shall instruct each of the individuals in (b) – (e) above, however, that the information must be held confidential. The provisions of this paragraph concerning Plaintiffs' confidentiality obligations are expressly acknowledged by Plaintiffs to constitute material consideration for Plaintiffs' obligations under this Agreement. Plaintiffs acknowledge that a breach of these provisions gives Defendants the right to pursue any and all damages available under law or equity.

Confidential Settlement Agreement and General Release
*Sune Lee, et al. v. Xilin Association, et al.*, Case No. 19-cv-02356, N.D. Illinois

**6.** <u>**Fair, Adequate, and Reasonable Settlement.**</u> The parties warrant and represent they have conducted a thorough investigation of the facts and allegations in the Lawsuit and have diligently pursued an investigation of their claims. The parties further represent and warrant that they believe this settlement is a fair and reasonable resolution of the Lawsuit and that they have arrived at this settlement in arms-length negotiations, taking into account all relevant factors, present and potential. This settlement was reached after extensive negotiations by the parties' respective attorneys, and via a settlement conference with Judge Dow.

**7.** <u>**Settlement Contingent on Court Approval.**</u> The Parties will present this Agreement to the Court seeking its approval following the Effective Date of this Agreement. If, for any reason, the Court does not approve the material terms of this Agreement, this Agreement will be void and shall have no force or effect. Whether or not the Agreement is approved, neither the Agreement nor any document, statement, proceeding, or conduct related to this Agreement, nor any reports or accounts thereof, shall in any event be construed as, offered or admitted in evidence, as received as, or deemed to be evidence for any purpose adverse to any party.

**8.** <u>**No Liens.**</u> Plaintiffs and their counsel understand and agree that Plaintiffs' attorneys' fees and litigation costs, described in Paragraph 1(a) of this Agreement, will be the full, final, and complete payment of all attorneys' fees and costs arising from or relating to the representation of all Plaintiffs in this action or any other attorneys' fees and costs associated with the investigation or prosecution of the Lawsuit. As an inducement to Defendants to enter into this Agreement, and as a material condition thereof, Plaintiffs and Plaintiffs' counsel hereby irrevocably and unconditionally release, acquit, and forever discharge any claim they may have against Defendants for attorneys' fees or costs arising from or relating to the individuals and matters identified in this Agreement. Furthermore, Plaintiffs and Plaintiffs' counsel represent and warrant that no attorney, other than their counsel of record in this matter, has any attorney's fee lien on or claim to any proceeds arising out of, by virtue of, or in connection with the Lawsuit, and that the terms of this Agreement shall fully satisfy any and all claims by any attorney arising out of or by virtue of or in connection with the Lawsuit.

**9.** <u>**No Admissions.**</u> Defendants expressly deny all of the allegations contained in the Lawsuit, and expressly maintain their position that no violations of law occurred concerning Plaintiffs, statutory or otherwise.

**10.** <u>**No Further Employment.**</u> Except for Yong Don Lee's current employment with Xilin, the remaining Plaintiffs permanently, unequivocally, and unconditionally waives any and all rights Plaintiffs may now have, may have had in the past, or may have in the future to obtain or resume employment with Defendants. In the event that Plaintiffs are ever mistakenly employed by Defendants, Plaintiffs agree to have their employment terminated with no resulting claim or cause of action against Defendants.

**11.** <u>**Knowing and Voluntary Release.**</u> In addition to having the opportunity to negotiate this Agreement, before signing it, Plaintiffs have been advised to consult with an attorney to obtain advice about their rights and obligations under this Agreement. Plaintiffs represent that they have carefully read this Agreement and find that it has been written in language that they understand. Plaintiffs have been given 21 days to consider whether to accept this Agreement, and have signed it only after reading, considering and understanding it. If Plaintiffs sign this

Confidential Settlement Agreement and General Release
*Sune Lee, et al. v. Xilin Association, et al.*, Case No. 19-cv-02356, N.D. Illinois

Agreement before the expiration of that 21-day period, they are expressly waiving their right to consider the Agreement for any remaining portion of that 21-day period. The Parties agree that any changes made to this Agreement from the version originally presented to Plaintiffs, whether those changes are deemed material or non-material, do not extend the 21-day period Plaintiffs have been given to consider this Agreement. By signing this Agreement, Plaintiffs agree they have read and fully understand this Agreement and have voluntarily entered into this Agreement with full knowledge and understanding that they are expressly waiving valuable rights. Plaintiffs agree and understand that by executing this Agreement they are releasing any claims they have or might have against Defendants under the Age Discrimination in Employment Act ("ADEA"), the Illinois Human Rights Act ("IHRA"), Title VII of the Civil Rights Act and any claims enforced by the IDHR or EEOC.

12. **Entire Agreement.** This Agreement contains the complete understanding between the parties about its subject matter, and no other promises or agreements shall be binding unless signed by all affected parties. In signing this Agreement, the parties are not relying on any fact, statement or assumption not set forth in this Agreement.

13. **Governing Law; Severability.** This Agreement shall be construed and enforced under the laws of the State of Illinois. Any ambiguities shall be not be construed against the drafter. The parties agree that the provisions of this Agreement are severable and that, if any clause or clauses are found to be unenforceable, the entire Agreement shall not fail, but shall be construed or enforced without any severed clauses in accordance with the terms of this Agreement.

14. **Counterparts.** This Agreement may be executed in one or more actual, facsimile, or .pdf counterparts, all of which will be considered one and the same instrument and all of which will be considered duplicate originals.

15. **Authority.** Each individual signing below warrants that he/she has the full authority to execute this Agreement and be bound to its terms and conditions.

The remainder of this page is intentionally left blank.

Confidential Settlement Agreement and General Release
*Sune Lee, et al. v. Xilin Association, et al.*, Case No. 19-cv-02356, N.D. Illinois

| | Dated: |
|---|---|
| **Sune Lee** | |
| **Gilbert Lee** | Dated: |
| **Hokoon Lee** | Dated: |
| **Yong Don Lee** | Dated: |
| On behalf of **Xilin Association** | Dated: |
| **Weihong Lu** | Dated: |
| **Linda Yang** | Dated: |

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SUNE LEE AKA CLARA, GILBERT LEE, YONG DON LEE, AND HOKOON LEE AKA BIGTOR, )<br><br>PLAINTIFFS, )<br><br>v. )<br><br>XILIN ASSOCIATION, AN ILLINOIS NON-PROFIT ORGANIZATION, WEIHONG LU, INDIVIDUALLY, AND LINDA YANG, INDIVIDUALLY, )<br><br>DEFENDANTS. ) | Case No. 1:19-cv-02356<br><br>Honorable Franklin U. Valderrama<br><br>Magistrate Judge M. David Weisman |

**STIPULATION OF DISMISSAL WITH PREJUDICE**

Plaintiffs Sune Lee, Gilbert Lee, Yong Don Lee, and Hokon Lee, and Defendants Xilin Association, Weihong Lu, and Linda Yang, through their counsel, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), jointly stipulate to the dismissal of all claims in the above-captioned matter with prejudice, with each party to bear its own attorneys' fees, costs and expenses.

Dated: __, 2020                          Respectfully submitted,

By: _____          By: _____
Attorney for Plaintiffs                        Attorneys for Defendants
                                               **XILIN ASSOCIATION, WEIHONG LUE, and LINDA YANG**
Ryan J. Kim
**INSEED LAW, P.C.**
2454 East Dempster Street                      Colleen G. DeRosa
Suite 301                                      Michael V. Furlong
Des Plaines, IL 60016                          **OGLETREE, DEAKINS, NASH,**
*ryan@inseedlaw.com*                              **SMOAK & STEWART, P.C.**
                                               155 North Wacker Drive, Suite 4300
                                               Chicago, Illinois 60606
                                               *colleen.derosa@ogletree.com*
                                               *michael.furlong@ogletree.com*

45063016.1